**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| v. | NO. 21-460 |
| ALFONZO RONELL WHITE | |

<u>**MEMORANDUM RE: POST-CONVICTION**</u>

## I.    BACKGROUND

The Defendant in this case plead guilty pursuant to a plea agreement in which the

Government and Defendant agreed, pursuant to Rule 11(c)(1)(C) to a prison sentence of 77

months, which the Court imposed.  As the Government explained in its sentencing memorandum

(ECF 62), even though the Defendant's Presentence Report qualified him as an Armed Career

Criminal under 18 U.S.C. § 924(e), because of his very extensive criminal history, the Supreme

Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022), precluded application of

the Armed Career Criminal Statute.  The offense level in this case was 24, but under the Armed

Career Criminal Act, Defendant faced a base offense level of 33, and after a 3-level reduction,

the total offense level was 30.  His criminal history score was 14 and he was in Criminal History

Category VI.  Under Section 924(e), there was a mandatory minimum of 15 years imprisonment,

which could not be imposed because of *Wooden*.

Thus, the Defendant received the very generous benefit of an intervening Supreme Court

decision under which, even though the applicable Guideline range was 180-210 months of

incarceration, this Court opted to approve the Rule 11 sentencing agreement resulting in a 77

month prison sentence, because the only alternative was a lengthy trial and if the Defendant was

convicted, there would be inevitable and lengthy appeals concerning the appropriate

considerations under *Wooden* and its progeny.

## II.    DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

Defendant has now filed a *pro se* Motion for Reduction of Sentence (ECF 68) pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, and the Government has replied (ECF 71).

In reviewing the Defendant's Motion and the Government's Response, the Court agrees with the Government that the Defendant is not entitled to relief.  Although the Sentencing Commission has adopted certain provisions which may be applied retroactively, pursuant to 18 U.S.C. § 3582(c)(2), the Court notes that retroactive application is not required.  The final analysis is discretionary with the sentencing judge.  The Defendant relies on certain policy statements set forth by the Sentencing Commission and makes other arguments that the Court should reduce Defendant's term of imprisonment.

## III.    SENTENCING GUIDELINES AND RETROACTIVE APPLICATION

The Sentencing Guidelines have evolved out of a very motivated Congress to reduce disparities among different federal judges in the same or different districts, in imposing sentences on defendants with similar backgrounds for similar crimes.  The national outcry over this discrepancy warranted Congress to establish a Sentencing Commission to adopt sentencing guidelines which originally were mandatory.  As a result of Supreme Court decisions, the Sentencing Guidelines soon became "advisory" or "discretionary" but sentencing judges were mandated to consider the Sentencing Guidelines adopted by the Sentencing Commission, as well as statutory factors set forth in 18 U.S.C. § 3553(a).

The Sentencing Commission, a panel of judges and other citizens, has been developing, in this Court's personal view, an exceptionally complex series of provisions, which still retain their advisory or discretionary factors.

The biggest push for retroactive application came from concerns that Congress and the Sentencing Guidelines had imposed/recommended unduly lengthy sentences for so-called "crack cocaine" crimes, the danger of which has purportedly decined.

This appears to have led the Sentencing Commission to extend its impact by making its edicts apply retroactively to crack cocaine sentencings that had taken place when higher guidelines were in effect.

For many years, no statute allowed a district judge to lower a lawfully-imposed sentence. However, that changed with the adoption of 18 U.S.C. § 3582(c)(2) which reads as follows:

> "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The statute has two requirements. First, re-sentencing is only available when a defendant's sentencing range has been "subsequently lowered" by the Sentencing Commission. Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement is found in U.S.S.G. § 1B1.10, which is binding, per the § 3582(c)(2)'s statutory scheme. See Dillon v. United States, 560 U.S. 817, 829 (2010).[1] That policy statement specifies which guidelines amendment have been made retroactive—not every amendment is retroactive and that decision remains within the Sentencing Commission's purview. § 1B1.10(d). To be eligible for re-sentencing under § 3582(c)(2), therefore, the

---

[1] The Sentencing Commission's broad authority under § 3582(c)(2) is an "unusual[ly] explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." "The plain language of the statute . . . specifically incorporates the Commission's policy statements." *United States v. Ware*, 694 F.3d 527, 532 (3d Cir. 2012) (internal citations and quotations omitted).

defendant's conviction must be subject to a specifically listed <u>retroactive</u> guideline amendment. Finally, a defendant is not eligible for re-sentencing when, even taking the amendment into account, it does "not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(2)(B).

Reviewing the flow-chart analysis, the Supreme Court crafted a two-step framework that courts must apply when evaluating a § 3582(c)(2) motion. First, the district court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." <u>Dillon</u>, 560 U.S. at 827. Essentially, the court must answer whether the defendant's sentencing range would have been different if he were sentenced under the retroactive guidelines. <u>Id.</u> If that is so, the sentencing court moves to step two of the inquiry. Under step two, the court, "in its discretion," re-weights the § 3553(a) factors under the new guidelines to decide if a sentence reduction is appropriate. <u>Id.</u> Step one, the eligibility step, is mandatory. Step two, passing a revised sentence, is discretionary.

The Third Circuit has addressed numerous wrinkles in § 3582(c)(2) re-sentencing. <u>See, e.g.,</u> <u>United States v. Barney</u>, 672 F.3d 228, 231 (3d Cir. 2012) (addressing question of "what is the applicable guideline range for a career offender receiving . . . a departure under a post-2003 edition of the Guidelines."); <u>United States v. Berberena</u>, 694 F.3d 514, 522-23 (3d Cir. 2012) (holding that sentencing court may not depart <u>below</u> retroactive guidelines range in § 3582(c)(2) re-sentencing); <u>United States v. Savani</u>, 733 F.3d 56, 62, 65 (3d Cir. 2013) (interpreting the amended "applicable guidelines range" as the sentencing range calculated from a defendant's offense level and criminal history category, not a hypothetical mandatory minimum sentencing if mandatory minimum was not actually applied); <u>United States v. Flemming</u>, 723 F.3d 407, 412 (3d Cir. 2013) (holding that retroactive amendments are irrelevant for individuals sentenced as career

offenders when that designation remains unchanged and leads to the same sentencing range even in light of guidelines amendment); United States v. Weatherspoon, 696 F.3d 416, 422-23 (3d Cir. 2012) (applying § 3582(c)(2) re-sentencing framework to plea agreements premised on retroactively changed guidelines range).

This Court must engage in the two-step analysis established in Dillon. First, we must decide whether an applicable retroactive amendment changes Defendant's applicable sentencing range. If so, it is within this Court's discretion whether to reduce Defendant's sentence based on the new guidelines. Importantly, the first step—determining Mr. White's eligibility—is mandatory. The second step, if necessary, is within the sound discretion of the court.

## IV.    REASON #1 FOR DENYING DEFENDANT'S MOTION

This Court's initial reason for denying Defendant's motion is that Defendant was not sentenced under any Guideline application.  He pled guilty to a firearm offense for which there was a mandatory minimum 15 year sentence.  He was saved a very severe sentence of 180 months by the intervention of the *United States v. Wooden* Supreme Court decision which threw some significant doubt over application of the Armed Career Criminal statutes  impact on sentencing—one of several decisions that have basically deprived that statute of the force it was projected to have when enacted by Congress.

## V.    REASON #2 FOR DENYING DEFENDANT'S MOTION

The second reason to deny the Defendant's petition is the meritorious argument of the Government in its response (ECF 71).

The Government argues that it is necessary to consult a provision in Amendment 821 to the Sentencing Guidelines.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing

5

Commission altered the "status points" provision, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points.

The Government argues this provision became effective on August 24, 2023 and the Commission decided that it applies retroactively, but that a court granting relief may not release the defendant earlier than February 1, 2024.

Under the Government's status point calculation, the Government asserts that this Defendant does not benefit from the two-step approach because his status point amendment does not reduce his criminal history category or Guideline range.

White's motion fails at step one, as the status point amendment does not reduce his criminal history category or guideline range. White received a total of 12 criminal history points for his prior convictions, and 2 status points, for a total of 14 points. Under the status point amendment, he receives 1 rather than 2 criminal history points. A total criminal history score of 13 also places him in category VI, which applies to defendants with 13 or more criminal history points. Thus, he remains in category VI under the amended guideline. Moreover, White was in category VI as a result of his armed career criminal status, regardless of his underlying criminal history score.

## VI.    CONCLUSION

The current complexity of the Sentencing Guidelines, combined with the edicts of the

Sentencing Commission, now parallels Internal Revenue Code, resulting in exceptionally complex procedures facing district court judges when presented with applications similar to that of this Defendant.  Although the denial of his motion is relatively straightforward for reasons set forth above, the application of the relevant statute and Commission edicts has made the wise exercise of retroactive sentencing discretion very difficult.

Applying these principles and after review of all of the facts of this case, the Court finds that Defendant is not entitled to a reduction in sentence and DENIES his Motion.

O:\CRIMINAL DEPUTY (Lori)\ORDERS\21-460 memorandum and order.docx